Maria C. Roberts, SBN 137907
mroberts@greeneroberts.com
Dessi N. Day, SBN 207699
dday@greeneroberts.com
Noel J. Meza, SBN 331169
nmeza@greeneroberts.com
GREENE & ROBERTS
402 West Broadway, Suite 1025
San Diego, CA 92101
Telephone:  (619) 398-3400
Facsimile:   (619) 330-4907

Attorneys for Defendant
Smart & Final Logistics LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| KEVIN PEARSON, as an individual and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SMART & FINAL LOGISTICS LLC, a Delaware Limited Liability Company; and DOES 1 through 100,<br><br>Defendants. | Case No.<br><br>Action Date:   February 2, 2022<br>Trial Date:       Not Yet Set<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT SMART & FINAL LOGISTICS LLC'S**<br><br>**ACCOMPANYING DOCUMENTS**:<br>CIVIL COVER SHEET;<br>DECLARATIONS OF MARIA C. ROBERTS AND GINNY DIAZ;<br>NOTICE OF PARTIES WITH FINANCIAL INTEREST |

TO: **THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

AND TO: **KEVIN PEARSON, on behalf of himself and all others similarly situated, and his attorneys of record:**

Defendant Smart & Final Logistics LLC,[1] by and through the undersigned attorneys, hereby removes Case No. 22STCV04115 from the Superior Court for the State of California, County of Los Angeles, where it was filed and is currently pending, to the United States District Court for the Central District of California pursuant to Title 28 of the United States Code, sections 1332, 1441, 1446, and 1453. As addressed below, original jurisdiction exists in this action pursuant to Title 28 of the United States Code, section 1332, subdivision (d), the Class Action Fairness Act ("CAFA"), and section 1453, and as otherwise specified herein. In support of this removal, Smart & Final Logistics LLC states as follows:

## I. Statement of Case

Smart & Final Logistics, LLC is a limited liability company established under the laws of and in the State of Delaware. (Diaz Decl., ¶3.) It operates a distribution center located in Riverside, California. (*Id*.) At least one of the putative class members (whose employment with Smart & Final Logistics, LLC ended in 2019) is domiciled outside of California and Delaware and resides in Tennessee. (*Id*.)

During the "putative class period," as defined in the complaint, (February 2, 2018 to the present), Smart & Final Logistics, LLC employed approximately 725 nonexempt employees in California in various positions, of which 444 are former employees. (Diaz Decl., ¶4.) These employees typically worked five 8 hour shifts per week and worked a total of 51,972 workweeks between February 2, 2018 and March 25, 2022. (*Id*. at ¶4.)

///

---

[1] By filing this Notice of Removal, Smart & Final Logistics LLC does not waive any of its rights to any objections or defenses, including jurisdictional ones, and expressly reserves the right to amend and supplement this Notice of Removal.

1

On or about February 2, 2022, plaintiff KEVIN PEARSON ("Plaintiff"), a former employee of Smart & Final Logistics LLC, filed a putative class action complaint captioned, *Kevin Pearson v. Smart & Final Logistics LLC*, in the State of California Superior Court for the County of Los Angeles, Case No. 22STCV04115. (Exh. 1.) In the complaint, Plaintiff alleges that Smart & Final Logistics LLC does business in California, including Los Angeles County; that he was formerly employed by it as a non-exempt employee; that he was a "victim" of Smart & Final Logistics LLC's policies and/or practices raised in the complaint that he lost money and/or property and has been deprived of the rights guaranteed by sections 201-204, 226 *et. seq.*, 510, 512, 516, 558, 1194, and 1198 of the California Labor Code, section 17200 *et seq.* of the California Business & Professions Code, and Industrial Welfare Commission Wage Order 7. (Exh. 1, ¶¶1-3.)

Plaintiff also asserts a putative class action and seeks to represent five putative classes. (Exh. 1, ¶15.)

**II.   Smart & Final Logistics LLC Has Satisfied the Procedural Requirements for Removal**

On or about March 14, 2022, Plaintiff served Smart & Final Logistics LLC with the summons and complaint. (Roberts Decl., ¶3.)  Removal is timely pursuant to 28 U.S.C. §1446(b) because 30 days or fewer have passed since Plaintiff served the complaint on Smart & Final Logistics. Pursuant to 28 U.S.C. §117, the United States District Court for the Central District of California, Western Division, is the federal judicial district and division encompassing the Superior Court of the State of California, County of Los Angeles, where this lawsuit was originally filed. Venue is, thus, proper because this is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

As required by 28 U.S.C. §1446(a), Smart & Final Logistics attaches a copy of all process, pleadings, and orders served upon it as Exhibit 2. (Roberts Decl., ¶4.)

### III. Removal Is Proper Because the Court Has Subject Matter Jurisdiction Under 28 U.S.C. §§ 1332, 1441, 1446, and 1453

Pursuant to Title 28 of the U.S. Code, section 1332(d)(2), this Court has original jurisdiction over any civil action with more than 100 class members where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which ***any member of a class of plaintiffs is a citizen of a state different from any defendant***. 28 U.S.C. §1332(d)(2). Congress enacted the Class Action Fairness Act ("CAFA"), to "facilitate adjudication of certain class actions in federal court." Therefore, "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 568 S. Ct. 1345 (2013)).

#### A. Plaintiff's Complaint Constitutes a "Class Action"

This case meets the CAFA definition of a class action: "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure." 28 U.S.C. §1332(d)(1)(B); *Id*., §1435(a)(b). Here, Plaintiff's complaint was filed under a state judicial procedure, California Code of Civil Procedure section 382, which authorizes an action to be brought by one or more representative persons as a class action. (Exh. 1, ¶¶1, 15.) Consequently, Plaintiff's complaint constitutes a class action under CAFA.

#### B. The Putative Class as Pled Far Exceeds More Than 100 Members

In paragraph 15 of his complaint, Plaintiff defines the putative class as "[a]ll Defendants' current and former non-exempt employees in California" who worked overtime in the past four years, who received a meal period premium in the past four years, who worked at least one shift in excess of 3.5 hours; who received a wage statement from Defendant in the year prior to filing the lawsuit; and separated their employment in the prior three years. (*See* Exh. 1, ¶15.)

The total number of non-exempt employees who worked for Smart & Final Logistics LLC in the defined putative class period and who otherwise meet one or more of the subclass definitions is 725 individuals. (Diaz Decl., ¶4.)  Thus, the size of the putative class far exceeds 100 persons, as required by 28 U.S.C. §1332(d)(5)(B).

**C.     The Parties Meet the Minimal Diversity Requirements**

CAFA requires only "minimal diversity" between the parties. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007). The minimal diversity requirement is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2)(A). For purposes of determining diversity, an individual person is deemed to be a citizen of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, Plaintiff, KEVIN PEARSON, is a resident of the State of California. (Exh. 1, ¶3.)  Smart & Final Logistics, LLC—the named Defendant in this action—is a Delaware limited liability company, established in and under the laws of Delaware. (Exh. 1, p. 1:1–4; Exh. 3; Diaz Decl., ¶3.)  The putative class, as defined in the complaint, includes those nonexempt employees who worked in California from between one to four years before the complaint was filed on February 2, 2022.  (Exh. 1, ¶15.)  At least one putative class member, who separated from Smart & Final Logistics in 2019. He is domiciled outside of both California and Delaware, and resides in the state of Tennessee. (Diaz Decl., ¶3.) Based on these facts, the putative class action meets the minimal diversity requirements for removal. *Serrano v. 180 Connect, Inc.*, 478 F.3d at 1021; 28 U.S.C. § 1332(d)(2)(A).

**D.     The Amount in Controversy Based on the Claims as Pled by Plaintiff Exceeds the Sum or Value of $5,000,000**

Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §1332(d)(2), (d)(6).  While

denying all liability, Smart & Final Logistics LLC **avers for the purposes of this Notice only** that Plaintiff's individual and putative class claims as pled place more than $5 million in controversy (excluding interest and costs).

Under CAFA, removal is proper if the allegations of the complaint and the notice of removal demonstrate that it is "more likely than not" that the amount in controversy exceeds $5,000,000. *Rodriguez v. AT&T Mobility Servs., Inc.*, 728 F.3d 975, 981 (9th Cir. 2013) (overturning previous Ninth Circuit precedent requiring proof of amount in controversy to a "legal certainty" under some circumstances). This standard is satisfied here[2] and Smart & Final Logistics is permitted to include a plausible allegation, without evidentiary submissions, that the requisite amount in controversy is met. *See, Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551.

For purposes of the computations below, Smart & Final Logistics has included all non-exempt employees who worked for it in California during the putative class period:

### 1. Plaintiff Seeks Recovery for Himself and the Putative Class of approximately 725 individuals for Alleged Violations of California Labor Code §§204, 510, 558, 1194 and 1198 Related to the Payment of Overtime Wages

Although disputed, in support of the first cause of action for alleged violations of California Labor Code §§204, 510, 558, 1194, 1198, Plaintiff asserts Smart & Final Logistics had policies and practices that "did not compensate" California employees at "one and one-half times their regular rate of pay" for all overtime hours worked. (Exh. 1, ¶25.) Plaintiff further asserts he and the putative class he seeks to represent are entitled to recovery of "the unpaid amount of overtime premium owing, including interest thereon, statutory and civil penalties, attorneys' fees and costs of suit

---

[2] Smart & Final Logistics denies Plaintiff's allegations and claims of liability and damages and denies that this matter is properly brought or should proceed as a class action. However, for the purposes of removal, Smart & Final Logistics and the Court must rely on the allegations pled. *See Standard Fire Ins.*, 568 S. Ct. at 1350 ("CAFA, however, permits the federal court to consider only the complaint that the plaintiff has filed, i.e., *this* complaint, not a new, modified (or amended) complaint that might eventually emerge.") (emphasis in original).

according to California Labor Code §§204, 510, 558, 1194 and 1198, Wage Order 7 and Code of Civil Procedure §1021.5" from February 2018. (Exh. 1, ¶26.)

Smart & Final Logistics employed a total of 725 nonexempt employees in California from February 2, 2018 to the present and earned an average base rate of pay of $22.20/hour. (Diaz Decl., ¶¶4-5.) Assuming conservatively that just $20 per workweek is owed for the 51,972 workweeks in alleged unpaid overtime pay, the potential overtime that could be owed for the class period would be **$1,039,440** ($20 in unpaid overtime/week x 51,972 workweeks). This amount does not include interest thereon, statutory, and civil penalties, attorneys' fees, and costs of suit.

### 2. Plaintiff Seeks Recovery for Himself and The Putative Class for Alleged Violations of California Labor Code §§226.7 and 512 Related to the Provision of Meal Periods

Although disputed, in his second cause of action, for alleged violations of California Labor Code sections 226.7 and 512 and Wage Order 7 §11, Plaintiff asserts Smart & Final Logistics failed in its "affirmative obligation to provide all of their non-exempt employees in California, including Plaintiff and members so the Meal Period Class, with all legally compliant meal periods in accordance with the mandates of the California Labor Code and Wage Order 7, §11...." (Exh. 1, ¶28.) Plaintiff further asserts that Smart & Final Logistics is responsible for "paying premium compensation for meal period violations, including interest thereon, civil penalties, and costs of suit, pursuant to Labor Code §§226.7, 512, and 558, Wage Order 7 and Code of Civil Procedure §1021.5. (Exh. 1, ¶29.)

As shown, Smart & Final Logistics employed a total of 725 non-exempt employees in California over the 48 month plus putative class period, who worked a total of 51,972 workweeks. (Diaz Decl., ¶4.) **Again, although disputed, assuming conservatively just one alleged meal period violation occurred per workweek during the putative class period, the potential premium pay, assuming a regular rate of pay of $23.20/hour, that could be owed for such alleged violations is $1,205,750.40** [$23.20 average hourly regular rate of pay x 51,972 workweeks].) (*Id*.

at ¶¶4-5.) And, again, this does not include Plaintiff's related claims for including interest, civil penalties, or costs of suit.

### 3. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code §§ 226.7 Related to the Provision of Rest Breaks.

In support of his third cause of action for alleged violations of California Labor Code §§226.7 and 516, as well as Wage Order 7, §12, Plaintiff alleges Smart & Final Logistics failed to authorize and permit lawful rest periods for non-exempt employees in California as required by the Labor Code and Wage Order 7, §12. (Exh. 1, ¶¶15(c), 31-32.) Plaintiff further alleges Smart & Final Logistics failed to pay an additional hour of premium pay at the regular rate of pay in accordance with California Labor Code section 226.7, and, thus, Plaintiff and the putative class he seeks to represent are entitled to rest period premiums owing, interest thereon, statutory and civil penalties and costs of suit, pursuant to California Labor Code sections 226.7, 516, and 558, Wage Order 7, and California Code of Civil Procedure §1021.5. (Exh. 1, ¶33.)

Again, As shown, Smart & Final Logistics employed a total of 725 non-exempt employees in California over the 48 month plus putative class period, who worked a total of 51,972 workweeks. (Diaz Decl., ¶4.) **Again, although disputed, assuming conservatively just one alleged rest period violation occurred per workweek during the putative class period, the potential premium pay, assuming a regular rate of pay of $23.20/hour, that could be owed for such alleged violations is $1,205,750.40** [$23.20 average hourly regular rate of pay x 51,972 workweeks].) (Diaz Decl., ¶¶4-5.) And, again, this does not include Plaintiff's related claims for including interest, civil penalties, or costs of suit.

/ / /

/ / /

/ / /

/ / /

### 4. Plaintiff Seeks Recovery for Himself and the Putative Class for Alleged Violations of California Labor Code § 226 Related to the Provision of Accurate Wage Statements.

In support of his fourth cause of action for alleged violations of California Labor Code §226(a), Plaintiff alleges Smart & Final Logistics failed to provide him and the putative class members in California with accurate legally compliant wage statements. (Exh. 1, ¶35.) Plaintiff also alleges that he and the putative class he seeks to represent suffered "actual injuries" as a result of the non-complaint wage statements they received, entitling them to all damages and penalties pursuant to California Labor Code section 226, including statutory penalties, civil penalties, reasonable attorneys' fees, and costs of suit under Labor Code §226. (Exh. 1, ¶37.)

California Labor Code section 226(e) allows an employee to recover a $50 penalty from his/her employer for an alleged wage statement violation for the initial pay period and an additional $100 penalty for each subsequent violations per pay period, up to a maximum amount of $4,000. *See* Cal. Lab. Code § 226(e)(1). For a one-year period, the maximum exposure per employee on a wage statement claim is $2,350 ($50[1st violation] + $2300[23 subsequent violations].)

During the one-year time period of February 2, 2021 to February 2, 2022 Smart & Final Logistics employed at least 400 non-exempt employees. (Diaz Decl., ¶4.) Accordingly, the potential value of the alleged, albeit disputed, section 226(e) penalties, assuming one violation per pay period is **$940,000** (400 employees x $2,350 maximum penalties in one year period).

### 5. Plaintiff Seeks Recovery for Himself and the Putative Class for Failure to Timely Pay Final Wages in Alleged Violation of California Labor Code §203.

In support of his fifth cause of action for alleged violations of California Labor Code sections 201–203, Plaintiff alleges Smart & Final Logistics failed to pay all wages earned immediately at the time of separation of employment in the event it discharged an employee or, within 72 hours, if the employee provided notice with intent to quit and failed to pay waiting time penalties to those former employees,

entitling them to up to thirty (30) days of continued payment of wages, plus costs of suit and attorney's fees. (Exh. 1, ¶¶ 40–41.)

During the class period, 444 of the 725 nonexempt employees who were employed by Smart & Final Logistic left their employment. (Diaz Decl., ¶4.) These individuals were earning an average hourly rate of pay of $22.20 and worked regular shifts of 8 hours/day, five days per week. (Diaz Decl., ¶5.) With regard to these employees, the potential waiting time penalties owed to them for the disputed violations would be $2,365,632 (444 former employees x $22.20/average hourly rate of pay x 8 hours/day x 30 days). This also does not include Plaintiff's related claims for costs of suit or attorney's fees.

While the merits of this case are disputed, as shown herein, a conservative estimate of the amount in controversy totals **$6,756,572.80** (not including attorney's fees, costs, and interest). This amount is based on the first through fifth causes of action:

| | |
|---|---|
| Overtime wages: | $1,039,440.00 |
| Meal break violations: | $1,205,750.40 |
| Rest break violations: | $1,205,750.40 |
| Wage statement violations: | $ 940,000.00 |
| Waiting time penalties: | $2,365,632.00 |
| Total: | **$6,756,572.80** |

This amount does not include any of the attorneys' fees sought by Plaintiff under all six causes of action pled, per the Labor Code and/or Code of Civil Procedure section 1021.5. (Exh. 1, Prayer for Relief, ¶¶10.) Assuming a conservative estimate of **attorneys' fees of 20%,** the total exposure estimated herein or **$1,351,314.50,** the estimated amount in controversy increases to **$8,107,887.30**

/ / /

/ / /

/ / /

By filing this Notice of Removal Defendant, Smart & Final Logistics, does not waive any of its rights to any objections or defenses, including jurisdictional, and expressly reserves the right to amend and supplement this Notice of Removal.

WHEREFORE, Smart & Final Logistics prays that the above-entitled action be removed from the Los Angeles County Superior Court to the United States District Court for the Central District of California, Eastern Division, for all further proceedings.

Dated: April 13, 2022                              GREENE & ROBERTS LLP


By: */s/ Maria C. Roberts*
    Maria C. Roberts
    Dessi N. Day
    Noel J. Meza
    Attorneys for Defendants
    Smart & Final Logistics LLC